UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------------X

PHH Mortgage Corporation,

Plaintiff,

-against-

**ORDER**
26-cv-00965 (JMA) (AYS)

William Hyland a/k/a William J. Hyland a/k/a William J. Hyland, III; Gail Hyland a/k/a Gail Sinram; Incorporated Village of Lynbrook; Incorporated Village of Malverne; New York State Department of Taxation and Finance; United States of America - Internal Revenue Service,

Defendants.

---------------------------------------------------------------------X

**AZRACK, United States District Judge:**

The instant action was brought to foreclose on a mortgage encumbering the property at 31 Herrick Drive, East Rockaway, NY 11518 (the "Subject Property"). (See ECF No. 1.) Before the Court is the motion of plaintiff PHH Mortgage Corporation ("Plaintiff") for Default Judgment of Foreclosure and Sale against Defendants William Hyland a/k/a William J. Hyland a/k/a William J. Hyland, III; Gail Hyland a/k/a Gail Sinram; Incorporated Village of Lynbrook; Incorporated Village of Malverne; New York State Department of Taxation and Finance; United States of America - Internal Revenue Service, pursuant to Fed. R. Civ. P. 55(a).[1] (ECF No. 20.) For the reasons stated herein, Plaintiff's motion is GRANTED and Plaintiff is awarded damages and additional relief as described below.

[1] Plaintiff did not identify or serve any John Doe defendants and has requested that the Caption be amended accordingly. (See ECF No. 25-2 ¶ 29.) That request is granted and the caption has been amended accordingly. The Clerk of the Court is respectfully directed to amend the caption to remove the John Doe defendants.

# I. DISCUSSION

## A. Defendants Defaulted

Defendants were properly served in the action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

## B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (N.Y. App. Div. 2d Dep't 2005)). Here, Plaintiff appends to the Complaint copies of the mortgage, the mortgage note, the assignment of that mortgage to Plaintiff, the loan modification agreements, and the default and 90-day notices sent to Defendants. (ECF Nos. 1-3, 1-4, 1-5, 1-6, 1-7.) This documentary evidence, together with the allegations in the Complaint, is sufficient to establish the Defendants' liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure will be entered appointing Plaintiff's recommended Referee, Melissa Mohan, Esq., as Referee to effectuate the sale of the Subject Property. As set forth in the Judgment of Foreclosure and Sale, the Referee must file her report of the sale with the Clerk of Court through ECF.

## C. Damages

In addition to foreclosure of the Subject Property, Plaintiff requests a total of $548,653.76 in damages from Defendants for unpaid principal, interest, costs, and attorney's fees. "'[W]hile a

party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "A hearing is unnecessary where the record contains a detailed affidavit and documentary evidence permitting the Court to evaluate the proposed sum and determine an award of damages." Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Richmond Cnty. Pub. Adm'r, 768 F. Supp. 3d 488, 497 (E.D.N.Y. 2025).

Plaintiff seeks recovery of: (1) the principal balance of $519,411.73, (2) interest in the amount of $16,484.01 from March 1, 2025 through March 30, 2026, (3) per diem interest of $41.84 from March 30, 2026 through the date of judgment (which results in a total of $9,665.04 in interest due through November 16, 2026), (4) $11,708.28 in escrow balance, (5) miscellaneous costs in the amount of $360, and (6) attorney's fees and costs in the amount of $8,650. The Court finds that Plaintiff's submissions, including the Affidavit of Affirmation of Indebtedness sworn by Juliana Thurab, Contract Management Coordinator for Plaintiff (ECF No. 25-5), together with the exhibits annexed to the Complaint, establish the requested damages to a reasonable certainty. Accordingly, Plaintiff is awarded a total of $566,279.06.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a Default Judgment of Foreclosure and Sale against the Defendants is GRANTED. Plaintiff appoints Melissa Mohan, Esq., as Referee. In conjunction with this Order, the Court is entering a Judgment of Foreclosure and Sale. The

Clerk of Court is directed to close this case. Plaintiff is directed to mail a copy of this Order and the Judgment of Foreclosure and Sale to Defendant and to promptly file proof of mailing on ECF.

**SO ORDERED.**

Dated: November 12, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE